**In re Paul W. PATTIE, Debtor.**

**Paul W. PATTIE, Plaintiff,**

v.

**Thelma A. PATTIE, Defendant.**

**Bankruptcy No. 88–1486–BKC–8B7.
Adv. No. 88–124–8P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 27, 1988.

Norman Davidson, Tampa, Fla., for plaintiff.

Arnold Levine, Tampa, Fla., for defendant.

## ORDER ON MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is a Motion to Dismiss a Counterclaim and Affirmative Defenses to the Complaint filed by Paul W. Pattie, the Debtor involved in this Chapter 7 case. The Counterclaim under attack is asserted by Thelma A. Pattie who is the named Defendant in the Complaint filed by the Debtor who seeks a determination that certain obligations represented by the final judgment is not in the nature of alimony or support and, therefore, dischargeable. The undisputed facts relevant to the resolution of this Motion as appear from the record are as follows:

On March 17, 1988, Paul W. Pattie (Debtor) filed a Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code. On March 28, 1988, the United States Trustee scheduled a meeting of creditors to be held on April 19, 1988 and the notice for the meeting stated that the filing deadline for complaints seeking a determination of dischargeability pursuant to § 523(c) shall be filed on or before June 20, 1988. On April 26, 1988, the Debtor filed his Complaint and sought a determination that the judgment in the amount of $250,000 entered by the Circuit Court for the Sixth Judicial Circuit in and for Pasco County in favor of Thelma A. Pattie, the Defendant, was in the nature of a property settlement, therefore would not be within the exceptive provision of § 523(a)(5) of the Bankruptcy Code. On June 8, 1988, the Defendant filed her answer which basically consisted of a general denial. However, in addition to the answer, the Defendant also filed a pleading entitled First Affirmative Defense which is basically a denial of the allegations of the Debtor and contends that the obligation of the Debtor represented by the final judgment mentioned did, in fact, represent an obligation for support and, therefore, is a non-dischargeable debt. In addition, the Defendant also filed a Second Affirmative Defense in which the Defendant stated that the Debtor "comes before the Court with unclean hands, in that he has perpetrated a fraud on Thelma A. Pattie by virtue of his acts and conduct, transferring for lessor (sic) consideration, the property and assets". On June 3, 1988, the Honorable Thomas E. Baynes, Jr. entered an Order and scheduled a pre-trial conference to be held on August 21, 1988. Although the record fails to reflect what actually transpired at the pre-trial conference, it is clear that contrary to the contention of counsel for the Defendant, there was no Motion filed by the Plaintiff to strike the affirmative defenses and there was no order entered by the Honorable Thomas E. Baynes, Jr. denying same.

On August 23, 1988, the Defendant filed a pleading entitled Counterclaim and Affirmative Defenses. In Count I of the Counterclaim, the Defendant alleges that the Plaintiff violated Fla.Stat. §§ 812.014 and 772.11 (1986). It is impossible to tell precisely what relief the Counter–Plaintiff/Defendant seeks in Count I and although it charges that the Plaintiff/Counter–Defendant was guilty of fraud, collusion and guile and "rendered said judgment uncollectible and unable to be satisfied" (sic) without specifying the type of relief sought based on the claim set forth in this Count.

In Count II of the Counterclaim, the Defendant alleges that a debt owed in an unspecified amount to the Defendant should be declared to be non-dischargeable pursuant to § 523(a)(2) of the Bankruptcy Code.

In Count III, the Defendant attempts to assert a claim of non-dischargeability under

§ 523(a)(4) alleging that the Debtor committed "larceny, including civil theft, all contrary to Florida law".

Count IV is a claim which is basically not a claim at all but a denial of the Plaintiff's claim that a debt owed by the Debtor to the Plaintiff is a dischargeable debt. While this Count refers to § 523(a)(6) of the Bankruptcy Code, there is nothing in this Count which evenly remotely reaches any of the operating elements of a viable claim of non-dischargeability under this Section.

The Motion to Dismiss filed by the Debtor seeks a dismissal of the Counterclaim on the basis that the same fails to state a cause of action pursuant to § 523(a)(2), (4), (5) and (6). In addition, the Debtor contends that the Counterclaim was not timely filed pursuant to Bankruptcy Rule 7012 and Fed.R.Civ.P. 12(a) and (b) and was not timely filed pursuant to Bankruptcy Rule 4007(c).

It should be pointed out at the outset that this record leaves no doubt that the Counterclaim under attack filed August 23, 1988 was not filed within the sixty (60) days from the first date set for the meeting of creditors as required by Bankruptcy Rule 4007(c). Thus, there is hardly any question that the claims which the Defendant seeks to assert in the Counterclaim pursuant to § 523(a)(2), (4) and (6) are time barred. In addition, none of the claims asserted in the five counts of the Counterclaim states a viable claim which could possibly be an appropriate counterclaim to a complaint seeking a determination of dischargeability of an obligation sought by a plaintiff pursuant to § 523(c) of the Bankruptcy Code. Although contrary to the contention of counsel for the Defendant that the Debtor filed a Motion to Strike the Affirmative Defenses, no such Motion was ever filed as noted earlier. Notwithstanding, this Court is satisfied that neither of the defenses set forth and denoted as affirmative defenses are in fact affirmative defenses and, therefore, it is appropriate to strike same and schedule this matter for trial by separate order which shall be limited to consider then narrow issue posited by the Complaint, that is the dischargeability,

vel non, of the obligation of the Debtor represented by the final judgment in the amount of $250,000.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss Counterclaim be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the Counterclaim be, and the same is hereby, dismissed with prejudice. It is further

ORDERED, ADJUDGED AND DECREED that the Affirmative Defenses be, and the same are hereby, stricken.

DONE AND ORDERED.